UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Seabreeze Roofing & Sheet Metal, Incorporated,

Debtor.
_____________________________/

Case No. 26-18450-EPK

Subchapter V, Chapter 11

**MOTION TO VOLUNTARILY DISMISS CASE**

Seabreeze Roofing & Sheet Metal, Incorporated (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 1112(b), respectfully requests that the Court dismiss this bankruptcy case and reserve jurisdiction to approve professional fees and expenses. In support of this request, the Debtor states as follows:

1. On June 26, 2026, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

2. On July 30, 2026, the Court approved the Debtor's employment of the undersigned counsel effective as of June 26th. Dkt. No. 47.

3. The Debtor is a licensed residential and commercial roofing contractor specializing in repair, replacement, and installation services that has been operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. § 1184.

4. Meanwhile, the Debtor, with the assistance of its undersigned counsel, has obtained interim authority to utilize cash collateral, authority to pay prepetition employee wages, and authority to maintain a prepetition bank account. Dkt. Not. 23, 24, 50, 51, and 60. The Debtor, through its president, Jacintho J. Carreiro, attended and completed the section 341 meeting of creditors. Dkt. No. 46.

5. Unfortunately, three months into this case, the Debtor has assessed that: (a) it does not have a viable pathway to reorganization; (b) it does not have the ability to propose a confirmable plan; and (c) it does not have the ability to continuing operating in bankruptcy.

6. In light of the foregoing, the Debtor requests that the Court dismiss this case for cause pursuant to sections 1112(b)(1) and 1112(b)(4)(J) of the Bankruptcy Code.

7. Section 1112(b) of the Bankruptcy Code permits a "party in interest" to request conversion or dismissal of a bankruptcy case "for cause." 11 U.S.C. § 1112(b). Nothing in the statute prohibits a debtor from voluntarily dismissing its own case, and "it is axiomatic that a debtor constitutes a party in interest for purposes of…dismissal[.]" *In re Forum Health*, 444 B.R. 848, 855 (Bankr. N.D. Ohio 2011). Section 1112(b)(4) contains a "non-exhaustive" list of sixteen examples of cause, including the failure to timely file a plan under subjection J. *See Forum Health*, 444 B.R. at 855 (citation omitted).

8. Dismissal in this case is in the best interests of creditors and the estate as opposed to conversion. *See In re BTS, Inc.*, 247 B.R. 301, 308–09 (Bankr. N.D. Okla. 2000) (citations omitted) (once "cause" is established under § 1112, the court either may dismiss or convert the case based upon what is in the best interest of creditors and the estate). A chapter 7 trustee will incur significant administrative expenses familiarizing him or herself with the Debtor's business operations and the Debtor does not have meaningful assets to administer. The Debtor's approximate $123,000 of accounts receivable are near impossible to collect due to the negative context of the bankruptcy and the remaining assets consist of approximately $12,000 in roof tiles, office equipment, a generator and forklift. The Debtor's vehicles are all financed. Thus, conversion to chapter 7 will not benefit general unsecured creditors.

9. In light of the foregoing, the Debtor has demonstrated cause for dismissal under § 1112(b). The Court should dismiss the case.

10. Moreover, the Court has not approved fee applications for the subchapter V trustee or the Debtor's counsel. Thus, any order dismissing this case should retain jurisdiction to hear and determine fee applications.

**WHEREFORE**, the Debtor requests the entry of an order: (a) dismissing this case; and (b) reserving jurisdiction to hear and determine professional applications for fees and expenses.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
jpage@slp.law
ependergraft@slp.law

By: *_/s/ John E. Page_*
John E. Page, Esq.
Florida Bar No. 860851
Eric Pendergraft
Florida Bar No. 91927

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties, listed below, that are registered to receive electronic noticing in this case on September 22, 2026.

By: *_/s/ John E. Page_*

**VIA CM/ECF:**

- **Brian S Behar** bsb@bgglaw.com, jgarcia@bgglaw.com
- **Daniel E Etlinger** detlinger@underwoodmurray.com, detlinger@ecf.courtdrive.com;euzonwanne@underwoodmurray.com;vburbano@underwoodmurray.com;jpatterson@underwoodmurray.com
- **Heidi A Feinman** Heidi.A.Feinman@usdoj.gov
- **Angela N Grewal** angela.grewal@arlaw.com, ari.martinez@arlaw.com;jessica.bowers@arlaw.com;philip.navarro@arlaw.com
- **Paul A Humbert** pa@pahumbertlaw.com, eservice@pahumbertlaw.com
- **Gerard M Kouri Jr.** gmkouripaecf@gmail.com, gmkouri@bellsouth.net
- **Linda Marie Leali** trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net;nahomy@lealilaw.com;ecf.alert+LeaLi@titlexi.com
- **Hannah J. Lief** hlief@slp.law, dwoodall@slp.law;pmouton@slp.law;mortman@slp.law
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **John E Page** jpage@slp.law, dwoodall@slp.law;pmouton@slp.law;pmouton@ecf.courtdrive.com;jpage@ecf.courtdrive.com;mortman@slp.law
- **Eric S Pendergraft** ependergraft@slp.law, dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **Mark S. Roher** mroher@markroherlaw.com, ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com
- **Christian Somodevilla** Christian.Somodevilla@usdoj.gov, shannon.patterson@usdoj.gov;bridgett.moore@usdoj.gov